GLENN T. HONDA, #6046-0
glenn@rlchawaii.com
GEORGE C. ALEJANDRO, #7683-0
cesar@rlchawaii.com
JAMES H. MONMA, #5955-0
james@rlchawaii.com
770 Kapiolani Boulevard, Suite 111
Honolulu, Hawaiʻi 96813
Tel. No. (808) 597-8886
Fax. No. (808) 597-8881

Attorneys for Plaintiff
PETER D. DESAULNIERS

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-25-0000132**
**27-JAN-2025**
**02:35 PM**
**Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| PETER D. DESAULNIERS,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARIE ANN BODONIA; MAPLEBEAR INC. dba INSTACART; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>          Defendants. | CIVIL NO. _____<br>(Motor Vehicle Tort)<br><br>COMPLAINT; SUMMONS |

COMPLAINT

Come now Plaintiff PETER D. DESAULNIERS, above named, by and through his attorneys, Glenn T. Honda, George C. Alejandro, and James H. Monma, and for causes of action against Defendants, allege and aver as follows:

1.      At all times material to this Complaint, Plaintiff PETER D. DESAULNIERS (hereinafter referred to as "Plaintiff"), is and was a resident of the City and County of Honolulu, State of Hawaiʻi.

EXHIBIT A

2. At all times material to this Complaint, Defendant MARIE ANN BODONIA ("Defendant BODONIA") is and was a resident of the City and County of Honolulu, State of Hawaiʻi.

3. At all times material to this Complaint, Defendant MAPLEBEAR INC. ("Defendant MAPLEBEAR") is and was a foreign profit corporation, incorporated in the State of Delaware, and doing business as Instacart in the City and County of Honolulu, State of Hawaiʻi.

4. All events material to this Complaint occurred within the City and County of Honolulu, and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaiʻi.

5. Plaintiff reviewed records of the Department of Commerce and Consumer Affairs in order to ascertain the true and full names and identities of all Defendants in this action, but has no further knowledge or information regarding the parties responsible and is unable to ascertain the identity of the Defendants in this action designated as JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10 and DOE GOVERNMENT ENTITIES 1-10 (hereinafter collectively referred to as "Doe Defendants"); said Doe Defendants are sued hereunder under fictitious names for the reason that their true names and identities are unknown to Plaintiff except that they may be connected in some manner with Defendants BODONIA and/or MAPLEBEAR and may be agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of Defendants BODONIA and/or MAPLEBEAR and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff and their "true names, identities, capacities, activities, and/or responsibilities" are presently unknown to Plaintiff or his attorneys.

## COUNT I

6. The allegations contained in paragraphs 1 through 5 are realleged and incorporated herein by reference.

7. On or about February 7, 2023, Plaintiff was riding a skateboard in the westbound lane of Ala Ilima Street in the City and County of Honolulu, State of Hawai'i.

8. On or about said date, Defendant BODONIA, while operating a motor vehicle in the eastbound lane Ala Ilima Street, negligently and carelessly executed a left turn crossing into the westbound lane of Ala Ilima Street causing a collision with Plaintiff.

9. Defendant BODONIA's inattention, misjudgment, and failure to operate her vehicle in a safe and prudent manner at the time of the motor vehicle versus pedestrian accident on February 7, 2023, subject of this Complaint, was a breach of her duty of care.

10. Defendant BODONIA's breached duty of care, as set forth herein was negligence.

11. Because of Defendant BODONIA's negligent and careless conduct, she failed to notice Plaintiff as he rode westbound on Ala Ilima Street, causing a collision.

12. Because of the impact caused by the negligence of Defendant BODONIA, Plaintiff sustained painful injuries to his body.

## COUNT II

13. The allegations contained in paragraphs 1 through 12 are realleged and incorporated herein by reference.

14. At the time of the February 7, 2023 accident, subject of this Complaint, Defendant BODONIA was working as a shopper and/or grocery delivery driver for Instacart.

15. At the time of the February 7, 2023 accident, subject of this Complaint, Defendant BODONIA was engaged in the performance of a grocery delivery on behalf of, at the direction

of, and/or for the benefit of Defendant MAPLEBEAR INC. dba INSTACART.

16. Defendant BODONIA's acts and actions on behalf of, at the direction of, and/or for the benefit of Defendant MAPLEBEAR INC. dba INSTACART gave her employee status with Defendant MAPLEBEAR INC. dba INSTACART.

17. Defendant MAPLEBEAR INC. dba INSTACART is vicariously liable for the injuries and damages caused by Defendant BODONIA via respondeat superior.

## COUNT III

18. The allegations contained in paragraphs 1 through 17 are realleged and incorporated herein by reference.

19. Defendant MAPLEBEAR INC. dba INSTACART knew that Defendant BODONIA, in carrying out grocery delivery services on behalf of Defendant MAPLEBEAR INC. dba INSTACART, would be operating a motor vehicle.

20. Defendant MAPLEBEAR INC. dba INSTACART, had a duty to conduct a reasonable investigation into Defendant BODONIA's driving history to discovery known propensities.

21. Defendant BODONIA had a prior history of excessive speed while using a motor vehicle and use of an electronic device.

22. Defendant MAPLEBEAR INC. dba INSTACART, by placing Defendant BODONIA in the position of a grocery delivery driver, should have foreseen that she posed a risk of harm to others, including Plaintiff.

23. Defendant MAPLEBEAR INC. dba INSTACART's failure to conduct a reasonable investigation into Defendant BODONIA's driving history constitutes negligence

COUNT IV

24. The allegations contained in paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants BODONIA, MAPLEBEAR and/or one or more of the Doe Defendants, jointly and/or severally, Plaintiff, suffered serious bodily injury, severe pain and suffering, severe emotional distress, past and future loss wages, medical and/or rehabilitative expenses and/or special damages and amounts to be proven at trial.

26. Plaintiff sought medical and rehabilitative care for the injuries he sustained in the February 7, 2023, accident subject of this Complaint.

27. Plaintiff incurred medical bills in excess of the tort rehabilitative threshold, and, therefore tort liability is not abolished, pursuant to Haw. Rev. Stat. §431:10C.

WHEREFORE, Plaintiff herein demands judgment against Defendants as follows:

A. General damages in amounts to be proven at the time of trial;

B. Special damages in amounts which will be proved at trial; and

C. Attorney's fees, costs of suit, pre-judgment interest from the date of the accident, and such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i,   January 27, 2025   .

      /s/ James H. Monma
GLENN T. HONDA
GEORGE C. ALEJANDRO
JAMES H. MONMA
Attorneys for Plaintiff
PETER D. DESAULNIERS

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF**<br>PETER D. DESAULNIERS, | VS. **DEFENDANT(S)**<br>MARIE ANN BODONIA; MAPLEBEAR INC. dba INSTACART; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10 | |

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

PETER D. DESAULNIERS
c/o GLENN T. HONDA, ESQ.
GEORGE C. ALEJANDRO, ESQ.
JAMES H. MONMA, ESQ.
770 Kapiolani Boulevard, Suite 111, Honolulu, HI 96813
Ph. (808) 597-8886

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

GLENN T. HONDA, GEORGE C. ALEJANDRO, JAMES H. MONMA
Recovery Law Center, 770 Kapiolani Boulevard, Suite 111, Honolulu, HI 96813                              ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawai'i**  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint     RG-AC-508 (10/19)